UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

David James, # 181333,                    ) C/A No. 2:10-00003-TLW-RSC
                                          )
                    Plaintiff,            )
                                          )
vs.                                       ) REPORT AND RECOMMENDATION
                                          )
Mr. Jon Ozmint, Director; Mr. Robert E.   )
Ward, Director; Mr. Robert Stevenson III, )
BRCI Warden; Mr. Thomas, Commissary       )
Manager; Mr. Steven J. Reck, Food Service )
Administrator; The Attorney General Mr.   )
Henry Dargan McMaster, and Jackie         )
Mongerty, grievance coordinator,          )
                                          )
                    Defendants.           )
_____)

The plaintiff, David James ("Plaintiff"), proceeding *pro se*, appears to bring this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Broad River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names several SCDC employees as defendants.[2] The plaintiff claims that he was "railroaded" during state court criminal proceedings, and he may be alleging unconstitutional prison conditions. Plaintiff seeks injunctive relief. The

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

complaint should be dismissed for failure to state a claim on which relief may be granted.

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal

theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up

questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

On January 5, 2010, the Office of the Clerk of Court filed a document submitted by Plaintiff, hand-written and unsigned, as a complaint pursuant to 42 U.S.C. § 1983. In the original document, Plaintiff raised various complaints related to his prison living conditions at Broad River Correctional Institution (BRCI). Plaintiff gives a summary of his complaints: "food concerns, heat concerns, pillow concerns, pillowcases concerns, court concerns, BRCI fixing housing for inmate concerns." Plaintiff indicates that he is infected with HIV and is being housed in a special HIV area, perhaps in the SMU. The alleged problems include: served rotten or unwashed food, not served certain drinks at breakfast, not served butter, salt and pepper, lack of pillow and pillowcase, the air conditioning is being used even though the heat is needed for the winter, lack of toilet brushes, lack of clean jump suits, and failure to provide "ISP" lotions and skin cream and "ensures," all of which were ordered by medical. Plaintiff seems to allege that he needs the skin creams because of his HIV. The relief Plaintiff

4

seeks is "that the BRCI staff's take care of these matters." Plaintiff also requested this court to send him back to Richland County state court in relation to his post-conviction relief case or a new trial in his criminal case. He asserted that he was granted a new trial as a result of a post-conviction case, but he believes that nothing has happened. Plaintiff wants to "take the witness stand so the new judge can take the life without parole off me." He also wants Carol Fuller Williams to take the witness stand so that Plaintiff will receive a "not guilty" on the rape charge.

In response to this court's January 13, 2010, proper form order, on January 26, 2010, Plaintiff submitted a completed and signed complaint form. Plaintiff did *not* mention nor allege any claims relating to his prison living conditions.[3] Instead, Plaintiff seeks a "fair trial" relating to his state court rape conviction. He alleges that he did not rape Carol Williams in the BRCI library on June 18, 2001, but that he did take her hostage. He alleges that Carol Williams and himself lied about the rape. He requests a new court date and that the Richland County Solicitors, defendant McMaster, Ms. Lesley Lee, Mr. Samkiea, and Tara Dawn Shurling, all be ordered to attend the new trial. Plaintiff requests that he receive a test to determine whether he is lying

---

[3] In this court's January 13, 2010, order, it directed the Clerk of Court to docket the completed complaint form as an attachment to Docket Entry # 1 to create one docket entry to be known as the complaint.

5

and that the Richland County court find his belongings which were in a brown bag (a hat, a shirt, a pair of pants, a pair of white socks, a pair of white boxers, and a pair of black boots). Plaintiff noted that his brown pants had paint on them, not blood.

Plaintiff further alleges that his state sentence of 25 years which he received in 1991 will "max out" in June of 2010, after he has served 19 years and some months. Plaintiff requests that defendant Ozmint, Mrs. Whitaker the classification lady, and the staff at BRCI "give me my max out sheet" and make sure that it is entered in all SCDC files.

## Discussion

It seems that Plaintiff is requesting this court to order the Richland County General Sessions Court, the Richland County Court of Commons Pleas, or a state court judge to take certain actions in Plaintiff's state criminal rape case or in a post-conviction state case. This request is equivalent to seeking a writ of mandamus against a state court official. *See* BLACK'S LAW DICTIONARY *Mandamus* (8th ed. 2004) (a writ issued by a superior court to compel a lower court or government officer to perform certain duties correctly). Even though Plaintiff filed this case as a civil rights action, this court may construe it as a petition for writ of mandamus. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to

place it within a different legal category.")  A writ of mandamus is issued only in the rarest of circumstances, and it is a drastic remedy. *United States v. Sosa*, 364 F.3d 507, 511 (4th Cir. 2004); *In Re: Lockheed Martin Corp.*, 503 F.3d 351 (4th Cir. 2007). In *Sosa*, the Fourth Circuit Court of Appeals explained that when a litigant seeks mandamus relief he must show that, "'he had no other adequate means to attain the relief he desires' and that his right to issuance of the writ is 'clear and indisputable.'" *Id.* See also *In re Pruett*, 133 F.3d 275, 281 (4th Cir. 1997). Plaintiff in this case has other adequate means to correct any inappropriate actions or failure to act by the state courts or judges – appellate review in the South Carolina courts or, in very limited circumstances, a motion for writ of mandamus filed in the South Carolina Supreme Court. *See City of Rock Hill v. Thompson*, 563 S.E.2d 101, 102 (S.C. 2002) (the Supreme Court could direct a judge to rule on a pending motion). Moreover, the United States District Court does not have jurisdiction to grant mandamus relief against state officials or to review state court orders. *See Gurley v. Superior Court of Mecklenburg Co.*, 411 F.2d 586, 587 (4th Cir. 1969); *In re Payne*, No. 08-1788, 2008 WL 5207317 at *1 (4th Cir. December 12, 2008). Accordingly, to the extent this action seeks a writ of mandamus against a South Carolina court or judge or other state official, it should be dismissed for failure to state a claim on which relief may be granted.

If Plaintiff is attempting to bring a civil rights claim related to his prison conditions being unhealthy or unsanitary, Plaintiff still failed to state a claim on which relief may be granted. It is well established that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Contemporary standards of decency require that a State who restrains an individual's liberty so that he is unable to care for himself must provide for his basic human needs. *Id*. The Eighth Amendment is "implicated only in those cases where a prisoner is deprived of the 'minimal civilized measure of life's necessities.'" *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994) (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Conditions that are restrictive and even harsh "are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). If a prisoner cannot demonstrate that he suffered serious or significant physical or mental injury as a result of the challenged prison condition, "he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment." *Id*.[4]

---

[4] Notably after *Strickler*, in 1996 Congress added 42 U.S.C. § 1997e(e), which provides that no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Here, Plaintiff does not allege any injury or threatened injury. An alleged injury is part of a plaintiff's standing. To file a lawsuit in federal court, a plaintiff must have Article III standing. There are three essential elements of standing: injury in fact, causation, and a substantial likelihood that the requested relief will remedy the alleged injury in fact. *Fisher v. King*, 232 F.3d 391, 396 n.5 (4th Cir. 2000). If the prisoner alleges a substantial risk of serious harm, then he may state a claim. *Baze v. Rees*, 128 S.Ct. 1520 (2008) (if the conditions present a risk sure or very likely to cause serious illness or needless suffering and give rise to sufficiently imminent dangers); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (finding that "the question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health...'"). Although the court must liberally construe the *pro se* complaint, a plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994) (finding that a complaint was subject to summary dismissal because it did not contain any facts to support the claim); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (noting that a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face). While the plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter

9

in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). *See also Francis v. Giacomelli*, No. 08-1908, – F.3d –, 2009 WL 4348830 at *4 (4th Cir. Dec. 2, 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *Brown v. North Carolina Dep't of Corr.*, No. 08-8501, 2010 WL 76363 (4th Cir. Jan. 11, 2010) (finding that a reasonable person could infer a defendant was deliberately indifferent). The alleged problems include: served rotten or unwashed food, not served certain drinks at breakfast, not served butter, salt and pepper, lack of pillow and pillowcase, the air conditioning is being used even though the heat is needed for the winter, lack of toilet brushes, lack of clean jump suits, and failure to provide "ISP" lotions and skin cream and "ensures," all of which were ordered by medical. Plaintiff seems to allege that he needs the skin creams because of his HIV. Although some of Plaintiff's alleged prison conditions could be serious, Plaintiff does not have standing to bring this lawsuit because there are no allegations that would tend to demonstrate injury or a risk sure or very likely to cause sufficiently imminent dangers. Thus, the complaint fails to state a claim on which relief may be granted.

However, even if Plaintiff did state a sufficient claim on which relief may be granted concerning his prison conditions, Plaintiff does not allege any personal involvement on behalf of the

named defendants. In other words, Plaintiff does not allege that each defendant personally acted or failed to act deliberately to cause the alleged unfit prison conditions. The defendants cannot be liable under § 1983 merely because they are supervisors or managers. The doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. *See Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977). *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)).

Moreover, defendant Henry Dargan McMaster is the South Carolina Attorney General, and the Attorney General is the chief prosecuting officer of the state. *See* § 24 of Article V, Constitution of the State of South Carolina. To the extent that McMaster is being sued due to his involvement in a criminal prosecution against Plaintiff, McMaster would have prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. *See* § 24 of Article V, Constitution of the State of South Carolina; and § 1-7-310, South Carolina Code of Laws. Prosecutors, including defendant McMaster, have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial

phase of the criminal process. *See Van de Kamp v. Goldstein*, 129 S.Ct. 855, 860-62 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding", "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. *Id.*; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). It is not clear what facts are alleged against McMaster, but certainly his involvement with prosecuting Plaintiff would be intricately related to the judicial process and to the prosecution of the State's case against Plaintiff. Therefore, defendant McMaster should also be dismissed from this suit based upon immunity. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Additionally, in his complaint, Plaintiff requests that this court order SCDC to give him his "max out sheet" and that it be entered correctly in the SCDC files and computers. To the extent Plaintiff may be seeking release from SCDC custody in June of 2010 due to his alleged "max out" time being reached, release from prison is not available in this civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier

release, even though such a claim may come within the literal terms of § 1983").

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

_____
Robert S. Carr
United States Magistrate Judge

February 4, 2010
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).